UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS NEIL DAVID,

    Plaintiff,

v.

DEITRICH SPIDELL, et al.,

    Defendants.

Case No. 25-cv-13295

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Travis Neil David[1]'s application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court

---

[1] Plaintiff's name is listed as Travis Neil David on the docket. Plaintiff, however, spells his name as "Travis Neil Davis" in his complaint. (ECF No. 1, PageID.1). Given the inconsistency, the Court will refer to David/Davis as "Plaintiff."

therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

Plaintiff alleged claims violations of (1) the Fourth Amendment; (2) the Fourteenth Amendment; (3) the Peace and Friendship Treaty of 1786; (4) the Jay Treaty of 1794; (5) the Ghent Treaty of 1794; (6) federal copyright law; and (7) 18

2

U.S.C. §§ 1961–68. (ECF No. 1, PageID.4). Plaintiff also asserted a claim for malicious prosecution against Defendants. (*Id.* at PageID.6). Defendants consist of Detroit police officers Deitrich Spidell and "Vajen" and Debbie Handison, the owner of Bobby's Towing. (*Id.* at PageID.2–3). According to Plaintiff, the police officer Defendants wrongfully searched and seized Plaintiff's person and truck. (*Id.* at PageID.9). At the time of the officers' search, Plaintiff was detained in handcuffs in the back of the police cruiser. (*Id.*). After the search, the officers contacted Handison to have Plaintiff's truck towed. (*Id.*).

Based on the allegations in the complaint, the Court finds Plaintiff's claims are either frivolous or lacking sufficient facts to survive dismissal. To start, Plaintiff's claims under the Peace and Friendship Treaty of 1786 are "facially frivolous." *See Jackson v. Soc. Sec. Admin.*, No. 1:25-cv-248, 2025 WL 1195763, at *3 (W.D. Mich. Mar. 10, 2025). Likewise, the Court can discern no connection between Plaintiff's unreasonable search and seizure claims and the Jay Treaty or the Ghent Treaty. *Conley v. Twp. of York*, 76 Fed. App'x 49, 51 (6th Cir. 2003) (noting treaties cited by appellant had nothing whatsoever to do with his complaint). There is similarly no evidence that Defendants infringed on Plaintiff's supposed copyright in his own name for that claim to have any merit.

Plaintiff also failed to allege any facts supporting his claims under 18 U.S.C. §§ 1961–68 for "racketeering." That is, Plaintiff offered no facts to support his

3

assumption that police officers had an illicit partnership with Handison and Bobby's Towing to tow his car other than conclusory statements. (ECF No. 1, PageID.9). The same is true for Plaintiff's Fourth and Fourteenth Amendment claims. Plaintiff alleged that officers violated his constitutional rights when they searched and seized his truck, and that they did not accord him due process in doing so. (*Id.*). But Plaintiff did not explain why the search and seizure was unreasonable; plus, he noted that officers detained him in handcuffs in the back of the police cruiser during the search. (*Id.*). The factual assertions referenced in the complaint – that Plaintiff was seemingly under arrest, for an unidentified reason – undermine Plaintiff's barebones assertions regarding the propriety of the search and seizure. Accordingly, the Court cannot reasonably infer that the search and seizure was wrongful, at least not from Plaintiff's complaint. As a result, Plaintiff's claims under §§ 1961–68, the Fourth Amendment, and the Fourteenth Amendment cannot survive.

Finally, Plaintiff did not satisfy the elements of a malicious prosecution claim. Plaintiff needed to show, "at a minimum, that there was no probable cause to justify his arrest and prosecution." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). But Plaintiff alleged no facts related to a prosecution subsequent to his arrest. Thus, his malicious prosecution claim necessarily fails.

4

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 14, 2025　　　　　　　s/Robert J. White
　　　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　　　United States District Judge